FILED
COURT OF APPEALS
DIVISION II

2013 JUL -9 AM 9: 10

STATE OF WASHINGTON

BY_____
DEPUTY

## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 43768-6-II |
| Appellant, | consolidated with |
| | Nos. 43775-9-II and 43778-3-II |
| v. | |
| SAMANTHA WESTLUND, | UNPUBLISHED OPINION |
| Respondent. | |

PENOYAR, J.—The State appeals the trial court's imposition of concurrent sentences when it (1) revoked Samantha Westlund's two drug offender sentencing alternative sentences (DOSAs) and (2) sentenced her on a heroin possession conviction. Agreeing that the trial court erred, we reverse and remand for resentencing.[1]

### FACTS

On January 4, 2011, the trial court sentenced Westlund to two concurrent DOSAs under cause numbers 09-1-00821-1 (the 2009 conviction) and 10-1-01102-9 (the 2010 conviction). On June 6, 2012, the State charged Westlund with heroin possession and moved to revoke her DOSAs. On July 3, 2012, Westlund pleaded guilty to possessing heroin and also admitted to violating her DOSA terms. The State recommended (1) revoking the DOSAs; (2) imposing concurrent sentences of 12 months and a day on the 2009 conviction and three months on the 2010 conviction; and (3) imposing a consecutive sentence of six months and one day for the 2012 heroin possession conviction. Westlund agreed with the State's recommendations.

---

[1] A commissioner of this court initially considered this appeal as a motion on the merits under RAP 18.14 and then referred it to a panel of judges.

When the trial court questioned the sentences because Westlund would have to transfer from the county jail after serving her sentence on the 2012 conviction to the Department of Corrections to serve the revoked DOSA sentences, the prosecutor stated, "I think by statute, Your Honor, the DOSA has to be consecutive to the newest charge." Report of Proceedings at 5-6. The court imposed an 18-month sentence on the 2012 conviction and concurrent sentences of 12 months and one day for the 2009 conviction and three months for the 2010 conviction. The State appeals the sentences.

## ANALYSIS

The State argues that the trial court's imposition of concurrent sentences disregarded the RCW 9.94A.589(2)(a) requirement that "whenever a person while under sentence for conviction of a felony commits another felony and is sentenced to another term of confinement, the latter term shall not begin until expiration of all prior terms." Because the superior court departed from RCW 9.94A.589(2)(a), the State contends that it imposed an exceptional sentence unsupported by the record. *See* RCW 9.94A.535 ("[a] departure from the standards in RCW 9.94A.589(1) and (2) governing whether sentences are to be served consecutively or concurrently is an exceptional sentence subject to the limitations in this section"). Westlund responds that RCW 9.94A.589(2)(a) does not apply because although she committed the heroin possession felony while "under sentence for conviction" for the 2009 and 2010 convictions, the DOSAs ended when the trial court revoked them. She, therefore, argues that RCW

2

9.94A.589(1)(a),[2] which covers sentencing for multiple "current offenses" applies and the trial court was authorized to impose concurrent sentences.

Westlund acknowledges that "current offense" is not defined in RCW 9.94A.589 but looks to RCW 9.94A.525(1), which provides that "[c]onvictions . . . sentenced on the same date as the conviction for which the offender score is being computed shall be deemed 'other current offenses' within the meaning of RCW 9.94A.589." Resp't's Br. at 5. The State counters that Westlund ignores the first sentence of RCW 9.94A.525(1), which provides: "A prior conviction is a conviction which exists before the date of sentencing for which the offender score is being computed." Because the 2009 and 2010 convictions existed before the 2012 conviction, the State contends that they are prior convictions, not current offenses. RCW 9.94A.525(1).

The premise of Westlund's argument, that the trial court imposed new sentences when it revoked her DOSAs, is not persuasive. When the trial court revoked Westlund's DOSAs for the 2009 and 2010 convictions, it did not impose new sentences. It, instead, signed orders to modify Westlund's existing sentences. This is consistent with the DOSA scheme, which does not treat DOSA revocation as a resentencing, but rather defines imprisonment as one "sanction" that the court can impose in the event it concludes that an offender violated any "conditions or requirements of the sentence." RCW 9.94A.660(7)(a), (b) & (c); *see generally* RCW

---

[2] RCW 9.94A.589(1)(a), provides in part:

> Except as provided in (b) or (c) of this subsection, whenever a person is to be sentenced for two or more current offenses, the sentence range for each current offense shall be determined by using all other current and prior convictions as if they were prior convictions for the purpose of the offender score: PROVIDED, That if the court enters a finding that some or all of the current offenses encompass the same criminal conduct then those current offenses shall be counted as one crime. Sentences imposed under this subsection shall be served concurrently. Consecutive sentences may only be imposed under the exceptional sentence provisions of RCW 9.94A.535.

3

9.94A.664(4)(c) (setting length of term of imprisonment). Westlund had already been sentenced on the 2009 and 2010 convictions when she was sentenced on the 2012 conviction. Thus, Westlund was not "sentenced on the same date" for the 2009, 2010, and 2012 convictions and they do not fall within the definition of "current offenses." RCW 9.94A.525(1) ("Convictions . . . sentenced on the same date as the conviction . . . shall be deemed 'other current offenses.'"); *see also* RCW 9.94A.589(1)(a) (providing that "whenever a person is to be sentenced for two or more current offenses" the sentences "shall be served concurrently.").

Accordingly, we hold that Westlund was convicted of and sentenced on the 2009 and 2010 offenses before the trial court sentenced her on the 2012 heroin possession conviction. The fact that the trial court modified the 2009 and 2010 sentences on the same date that it sentenced Westlund on the 2012 conviction does not change the facts that Westlund committed the 2012 felony "while under sentence[s] of conviction" for the 2009 and 2010 offenses, requiring consecutive sentences pursuant to RCW 9.94A.589(2)(a).

Because the trial court deviated from RCW 9.94A.589(2)(a), it imposed an exceptional sentence. RCW 9.94A.535. Westlund does not present any argument in support of the trial court's decision to impose such a sentence. Accordingly, we reverse and remand for resentencing.

4

43768-6-II / 43775-9-II / 43778-3-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Penoyar, J.

We concur:

Quinn-Brintnall, J.

Worswick, C.J.